IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**[2] CARLOS DIAZ-MEDINA,**<br>Defendant. | CRIMINAL NO. 19-154 (GAG) |

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: W. Stephen Muldrow, United States Attorney, Myriam Y. Fernandez-Gonzalez, Assistant United States Attorney and Criminal Chief, Jenifer Y. Hernandez-Vega, Assistant United States Attorney and Deputy Chief, Violent Crimes Unit, and David T. Henek, Assistant United States Attorney, along with Defendant, [2] CARLOS DIAZ-MEDINA, and his counsel, Ramon M. Gonzalez-Santiago, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Counts Two and Five. By pleading guilty, Defendant accepts that he committed the acts as charged in Counts Two and Five of the Indictment.

**Count Two:**

That at all times material to this Indictment, Evinmotors is a company engaged in the retail sale of motorcycles, all-terrain vehicles, watercraft, and boats, an industry that affects interstate or foreign commerce. That on or about February 19, 2019, in the District of Puerto Rico and within the jurisdiction of this Court, [2] CARLOS DIAZ-MEDINA, aiding and abetting others, did unlawfully attempt to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951, in that he and others attempted to unlawfully take property (motorcycles) from Evinmotors in the presence of a security guard, against his will by means of actual and threatened force, violence, and fear of injury, by threatening the security guard with a firearm and tying him up in an attempt to commit the robbery. All in violation of Title 18, United States Code, Section 1951 and Title 18, United States Code, Section 2.



**Count Five:**

That on or about February 19, 2019, in the District of Puerto Rico and within the jurisdiction of this Court, [2] CARLOS DIAZ-MEDINA, aiding and abetting others, did knowingly possess and brandish firearms in furtherance of a crime of violence, as charged in Counts Two through Four of this Indictment, for which they may be prosecuted in a court of the United States -- that is, interfering with commerce by threats or violence, in violation of Title 18, United States Code, Section 1951; carjacking, in violation of Title 18, United States Code, Section 2119(1); and kidnapping, in violation of Title 18, United States Code, 1201(a)(1). All in violation

of Title 18, United States Code, Section 924(c)(1)(A)(ii) and Title 18 United States Code, Section 2.

## 2. MAXIMUM PENALTIES

**Count Two:** The statutory penalty for the offense charged in Count Two of the Indictment is a maximum term of imprisonment of twenty years pursuant to Title 18 United States Code § 1951(a); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18 United States Code § 3571(b)(3); a special monetary assessment of one hundred dollars pursuant to 18 U.S.C. § 3013(a)(2)(A); and a supervised release term of not more than three years pursuant to Title 18 United States Code § 3583(b)(1).

**Count Five:** The statutory penalty for the offense as charged in Count Five of the Information (brandishing a firearm during and in relation to a crime of violence) is a minimum term of imprisonment of seven years and a maximum term of imprisonment of life pursuant to Title 18 United States Code § 924(a)(2); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18 United States Code § 3571(b)(3); a special monetary assessment of one hundred dollars pursuant to 18 U.S.C. § 3013(a)(2)(A); and a supervised release term of not more than five years, pursuant to Title 18 United States Code § 3583(b)(1).

## 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with Title 18, United States Code, Sections 3551-3586, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further,

Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

### 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

### 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. Section 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines.

### 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-

4

sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the United States and Defendant submit the following advisory Guidelines calculations:

**COUNT TWO:**

| SENTENCING GUIDELINES CALCULATIONS 18 U.S.C. § 1951 || |
|---|---|
| **Base Offense Level** [USSG § 2B3.1(a)]: Robbery | 20 |
| **Adjustment** [USSG § 3E1.1(a)]: Defendant timely accepted responsibility and offense level | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 17 |

| C.H. Category I | C.H. Category II | C.H. Category III | C.H. Category IV | C.H. Category V | C.H. Category VI |
|---|---|---|---|---|---|
| 24-30 months | 27-33 months | 30-37 months | 37-46 months | 46-57 months | 51-63 months |

## COUNT FIVE:

| 18 U.S.C. § 924(c)(1)(A)(ii) | |
|---|---|
| A minimum consecutive term of imprisonment of eighty-four (84) months is mandatory, with a maximum of life | **84 months (to run consecutively to the sentence imposed for Count Two)** |



**8.    SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), for Count Two, the parties will jointly request a sentence of imprisonment at the lower end of the applicable guideline range at a total adjusted offense level of seventeen (17) when combined with Defendant's criminal history category as determined by the Court. For Count Five, the parties will jointly request a sentence of imprisonment of eighty-four (84) months to run consecutive to the term of imprisonment in Count Two.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.

**9.    NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

**10.   WAIVER OF APPEAL**

The defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is one hundred and fourteen (114) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the

term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

**11.    NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under Title 18, United States Code, Section 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

**12.    SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, Ramon M. Gonzalez-Santiago, and asserts that counsel has rendered effective legal assistance.

**13.    RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

   a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

   b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by

exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**14.   STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

**15.   FIREARMS FORFEITURE**

Pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), the defendant agrees to forfeit any right, title, and interest in the following property (hereafter, collectively, the "Property") that is, one black Glock pistol, Model 22, Serial Number DTZ053, with a green rubber grip. All pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C.

§ 2461(c). Defendant acknowledges that the Property was possessed in violation of Title 18, United States Code, Section 924(c), and that the Property is therefore subject to forfeiture to the United States.

**16.  LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT**

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

**17.  ENTIRETY OF PLEA AND FORFEITURE AGREEMENT**

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

**18.  AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

**19.  DISMISSAL OF REMAINING COUNTS**

At sentencing, should the Defendant comply with the terms of this Plea and Forfeiture Agreement, the Government will move to dismiss the remaining Counts charged in the Indictment.

## 20. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

W. STEPHEN MULDROW
United States Attorney

_____
Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 2.21.2020

_____
Jenifer Y. Hernandez-Vega
Assistant U.S. Attorney
Deputy Chief, Violent Crimes Unit
Dated: 2/21/2020

_____
David T. Henek
Assistant U.S. Attorney
Dated: 2/20/20

_____
Ramon M. Gonzalez-Santiago
Counsel for Defendant
Dated: 2/25/20

_____
Carlos Diaz-Medina
Defendant
Dated: 2/25/20

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 2/25/20

_____
Carlos Diaz-Medina
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 2/25/20

_____
Ramon M. Gonzalez-Santiago
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant agree that the following recitals provide a true and accurate summary of the facts leading to his acceptance of criminal responsibility for committing the acts as charged in the Indictment, in violation of Title 18, United States Code, Sections 1951, 924(c)(1)(A)(ii), and 2. The following is a synopsis of the facts in this case:

On February 19, 2019, Defendant and others went to Evinmotors, a company engaged in the retail sale of motorcycles that affects interstate or foreign commerce. The purpose of the visit was to break into the Evinmotors facility and steal motorcycles. In carrying out the plan, Defendant and others possessed firearms, including one black Glock pistol, Model 22, Serial Number DTZ053, with a green rubber grip. While attempting to break into the Evinmotors facility, Defendant and others encountered a security guard. Defendant and others brandished firearms at the security guard and threatened force, violence, and fear of injury, to carry out their plan. The attempt to break into the Evinmotors facility was ultimately unsuccessful as everyone fled when alarms started going off. Defendant was apprehended and confessed to going to Evinmotors to steal motorcycles.

By pleading guilty, Defendant accepts that he committed the offense as charged in Count Two of the Indictment (aiding and abetting a Hobbs Act Robbery), in violation of Title 18, United States Code, Sections 1951 and 2. Defendant further accepts that he committed the offense as charged in Count Five of the Indictment (Brandishing Firearms in Furtherance of a Crime of Violence), in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Counts Two and Five of the Indictment. This would have been proven through

physical and documentary evidence, including, but not limited to, live testimony of witnesses and agents, recovered evidence, photographs, documents, and other physical evidence.

Discovery was timely made available to Defendant for his review.

_____
David T. Henek
Assistant United States Attorney
Dated: 2/20/20

_____
Ramon M. Gonzalez-Santiago
Counsel for Defendant
Dated: 2/25/20

_____
Carlos Diaz-Medina
Defendant
Dated: 2/25/20